# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

COMMON CAUSE, COMMON CAUSE )
WISCONSIN, BENJAMIN R. QUINTERO, )
)
*Plaintiffs*, )
)
v. )
)
MARK L. THOMSEN, ANN S. JACOBS, )
BEVERLY GILL, JULIE M. GLANCEY, )
JODI JENSEN, and DEAN KNUDSON, in )
their official capacities as Commissioners )
of the Wisconsin Elections Commission, )
MEAGAN WOLFE, in her official capacity )
as the Interim Administrator of the )
Wisconsin Elections Commission, )
)
*Defendants*. )
)

**CIVIL ACTION NO.: 19-cv-323**

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Common Cause, Common Cause Wisconsin, and Benjamin R. Quintero (collectively, "Plaintiffs") seek declaratory and injunctive relief and allege as follows:

### NATURE OF ACTION

1.      This suit asks whether it is constitutional for state law to single out a group of voters and require them to present or submit information that election officials and poll workers do not need and do not use.  It is undisputed that a state government has an important regulatory interest in safeguarding electoral integrity and preventing fraud.  As the Supreme Court stated in *Crawford v. Marion County Election Board*, "[t]here is no question about the legitimacy or importance of the State's interest in counting only the votes of eligible voters."  553 U.S. 181, 196 (2008). *Crawford* concluded that voter identification laws requiring the presentation or submission of photographic identification further those legitimate and important regulatory interests.  However, when a state voter identification law requires that a particular form of valid ID—the only form of

1

valid ID that is held by a particular group of voters—include extraneous information that is wholly unnecessary to advance election integrity and prevent fraud and/or that is redundant with other registration and voting requirements that better serve the exact same regulatory interests, those unnecessary and irrational requirements must be struck down as unconstitutional.

2.     This suit does not seek to relitigate the facial constitutionality of Wisconsin's voter ID law; nor does it seek that the law be invalidated as applied to a particular group of voters. Rather, Plaintiffs allege that certain requirements for college and university student IDs to be used as voter ID in Wisconsin are unnecessary and irrational and seek to enjoin those and only those specific requirements.

3.     Current Wisconsin law requires that a college or university student enrolled in a postsecondary educational institution in Wisconsin may use the student's campus photo ID card, if it contains the person's name, photo, issuance date, an expiration date not more than two years after the issuance date, and the student's signature.  Additionally, the student must also present or submit proof of current enrollment, such as an enrollment verification letter or tuition fee receipt— a requirement that makes it wholly unnecessary and irrational to require that the student ID card bear issuance and expiration dates.  The state has an important regulatory interest in ensuring that voters in Wisconsin live in Wisconsin, but the proof of residence requirement for voter registration and the proof of current enrollment requirement already doubly confirm that the student is a current Wisconsin resident, and proof of residence has already confirmed their residential address. Moreover, a number of valid forms of voter ID never expire or remain valid indefinitely.  Requiring an issuance date and expiration date not more than two years after the issuance date is unnecessary to advance the state's regulatory interest and is therefore irrational.

2

4.      The requirement that the student ID card contain the student's signature is also unnecessary and irrational for a few reasons.  First, the voter ID law does not require election officials and poll workers to verify that any signature on the ID matches the voter's signature on the poll book or the voter's signature on the voter registration form.  Second, a number of forms of valid, accepted voter ID, such as Veterans Health Identification Cards ("VHICs") issued by the U.S. Department of Veterans Affairs and some tribal ID cards, do not even contain signatures. And finally, the voter must always sign the pollbook before receiving a ballot, and, after an election, it is *that* signature that may be compared to a voter registration form's signature to advance the governmental purpose of detecting and prosecuting voter fraud.  Since the voter ID law was enacted in 2011, the Wisconsin Elections Commission ("WEC") and its predecessor the Government Accountability Board have consistently stated voter IDs are valid and must be accepted without any comparison of any signature on the voter ID, if any exists, to the poll book signature or the signature on the absentee ballot request form or the absentee ballot certificate envelope.  It is not up to election officials and Election Day poll workers to verify any signature on a voter ID.  Therefore, requiring a signature on a voter ID serves no function and lacks a rational basis.

5.      Thirty-five states have enacted voter identification requirements: some strict photographic identification requirements, others with more expansive lists that include non-photo forms of ID.[1]  Twenty-eight of these states' voter ID laws permit college and university students

---

[1] ALA. CODE § 17-9-30; ALASKA STAT. § 15.15.225; ARIZ. REV. STAT. § 16-579; ARK. CONST. amend. 51, § 13; ARK. CODE ANN. §§ 7-5-305, 7-5-324; COLO. REV. STAT. ANN. §§ 1-1-104(19.5)(a), 1-7-110; CONN. GEN. STAT. ANN. § 9-261; DEL. CODE ANN. tit. 15, § 4937; FLA. STAT. ANN. § 101.043; GA. CODE ANN. §§ 21-2-417, 21-2-417.1; HAW. REV. STAT. § 11-136; IDAHO CODE ANN. §§ 34-1106, 34-1113, 34-1114; IND. CODE. ANN. §§ 3-5-2-40.5, 3-11-8-25.1; KAN. STAT. ANN. §§ 25-2908, 25-1122, 8-1324; KY. REV. STAT. ANN. § 117.227; 31 KY. ADMIN. REGS. 4:010; LA. REV. STAT. ANN. § 18:562; MICH. COMP. LAWS ANN. § 168.523; MISS. CODE

to use their campus photo IDs as voter ID.  Wisconsin's is the only voter ID law on that list that requires a student ID to have only a two-year life span, even if it is issued by a four-year institution, and the only voter ID law that requires students to show separate proof of current enrollment along with their college or university photo ID card.  Finally, only two states—Wisconsin and Kentucky—reject student IDs if they lack a signature but Wisconsin's is the only *strict photographic* ID law that does so.

6.    Every fall, tens of thousands of freshmen enroll in postsecondary educational institutions in Wisconsin.[2]  Typically, they have less than two months before a November general election to register to vote, often for the first time in their lives, learn of and comply with the nation's only currently-enforced documentary proof of residence requirement for *all* voter registration applicants,[3] learn the state has a strict photographic voter ID law, obtain compliant forms of campus photo ID from their schools, and learn the location of their polling places.  As

---

ANN. § 23-15-563; MO. REV. STAT. § 115.427; MONT. CODE ANN. § 13-13-114; N.H. REV. STAT. ANN. § 659:13; N.C. GEN. STAT. § 163A-1145.1; N.D. CENT. CODE § 16.1-05-07; OHIO REV. CODE ANN. § 3505.18; OKLA. STAT. ANN. tit. 26, § 7-114; R.I. GEN. LAWS § 17-19-24.2; S.C. CODE ANN. § 7-13-710; S.D. CODIFIED LAWS §§ 12-18-6.1, 12-18-6.2; TENN. CODE ANN. § 2-7-112; TEX. ELEC. CODE ANN. §§ 63.001, 63.0101; UTAH CODE ANN. §§ 20A-1-102, 20A-3-104; VA. CODE ANN. § 24.2-643; WASH. REV. CODE ANN. § 29A.40.160; W. VA. CODE ANN. § 31-3-34; WIS. STAT. §§ 5.02(6m), 6.79(2a).

[2] *See, e.g.*, University of Wisconsin System, Student Statistics, Fall 2017-18, Headcount Enrollment – New Freshman by Institution, *available at* https://pollux.uwsa.edu/PRODUCTION/ssbreports/index.php/HeadCountReports/getSingleYear ReportByInstitution/single/pdf/R_B200_tot/201718/0 (last visited Apr. 3, 2019).

[3] New Hampshire has a statute that requires voters to prove their domicile by supplying documentary evidence, such as an in-state driver's license or other proof of "verifiable action" that establishes domicile.  N.H. REV. STAT. § 654:2.  If people do not have evidence of "actions carrying out [their] intent to be domiciled" at their voting address or do not follow up with authorities, the statute subjects them to official action and investigation to determine domicile, including penalties.  This law is the subject of an ongoing legal challenge, and the penalty provisions are currently enjoined.  No. 2018-0208, *Petition of New Hampshire Sec'y of State,* (N.H. Oct. 26, 2018), *available at* https://www.courts.state.nh.us/caseinfo/pdf/civil/LeaguevNH/102618league-order.pdf (last visited Apr. 17, 2019).

can be seen from Exhibits A and B, the declarations of Cassandra Abarca and Jessica Gomez, students at Alverno College and Marquette University, respectively, schools either fail to inform or inadequately inform their students of the requirement to obtain a special student voter ID card, and so students must rely on outside groups, their peers, and poll workers on Election Day for information.[4]  College and university students who lack other forms of accepted voter ID are deprived of their right to vote unless they obtain a different, compliant student ID card that, upon information and belief, some but not all Wisconsin colleges and universities offer *upon request* at designated sites on campus.  This request for a separate, compliant form of student ID is a wholly unnecessary and unjustified step in the voting process that can only deter and/or delay voting in Wisconsin.  Lacking an important regulatory interest to impose these redundant, unnecessary, and irrational requirements for college and university student ID cards which needlessly force students to obtain a different campus photo ID card in order to vote, Defendants violate the First and Fourteenth Amendments to the U.S. Constitution.

7.     This action is brought under 42 U.S.C. § 1983 against Defendants' unlawful deprivations of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION & VENUE

8.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1357 because this case arises under the United States Constitution and because this case seeks equitable and other relief for the deprivation of rights under color of state law.

9.     This Court has jurisdiction to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

---

[4] Ex. A, Cassandra Abarca Declaration ¶¶ 4–6; Ex. B, Jessica Gomez Declaration ¶ 3.

10.     This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11.     This Court has personal jurisdiction over Defendants Mark Thomsen, Ann Jacobs, Beverly Gill, Julie Glancey, Jodi Jensen, and Dean Knudson, the Commissioners of the Wisconsin Elections Commission, and Meagan Wolfe, the Interim Administrator of the Wisconsin Elections Commission (collectively, "the Wisconsin Elections Commission Defendants"), who are all sued in their official capacities.  The Wisconsin Elections Commission Defendants are state officials who reside in Wisconsin and work in Madison, Wisconsin.

12.     Venue is appropriate in the Western District of Wisconsin, under 28 U.S.C. § 1391(b)(1), because Defendants Thomsen, Jacobs, Gill, Glancey, Jensen, Knudson, and Wolfe are state officials.  The Wisconsin Elections Commission Defendants work in Madison, Wisconsin.

## PARTIES

13.     Plaintiff Common Cause is a nonprofit corporation organized and existing under the laws of the District of Columbia.  Common Cause is one of the nation's leading democracy reform organizations and has over 1.2 million members and offices in 35 states and the District of Columbia.  Since its founding in 1970, Common Cause has been dedicated to the promotion and protection of the democratic process, such as the right of all citizens, including its eligible members, to be registered for and vote in fair, open, and honest elections.  Common Cause conducts significant nonpartisan voter-protection, advocacy, education, and outreach activities to ensure that voters are registered to vote, and are able to vote and have their ballots counted as cast. Common Cause also advocates for policies, practices, and legislation—such as automatic and same-day registration—that facilitate voting for eligible voters and ensure against disenfranchisement.  Common Cause opposes efforts that burden registration and/or voting,

6

including restrictive voter identification laws, like the one passed in Wisconsin, that could potentially chill citizens' rights to vote.

14.    Plaintiff Common Cause Wisconsin, which is part of and incorporated under the same bylaws as the national organization Common Cause, diverted organizational resources, staff time, and money to inform college and university students on whether their campus IDs were compliant with the voter ID law and, if not, on how to obtain a compliant college or university ID card.  But for these unconstitutional requirements for college and university student IDs to be used as voter ID in Wisconsin, Common Cause Wisconsin would not have needed to divert organization resources, staff time, and money to ensure students can cast a ballot that will be counted.  Over the last two election cycles, from January 2016 through January 2019, Common Cause Wisconsin's Director of Information Services and Outreach Sandra Miller has devoted an estimated 157 hours to student voter ID work that she would not have engaged in but for these unconstitutional requirements.  All told, this cost the organization an estimated $3,454 in salary related to Ms. Miller's research on university ID issuance policies and practices and her sustained outreach to campuses on the voter ID requirement.  Common Cause Wisconsin, and more specifically Ms. Miller, developed, updated, and distributed educational materials for college and university student voters, including hard copy fact sheets, online student voting guides, and graphics.  As one example, Ms. Miller developed a "student ID as voter ID" fact sheet in 2016, updated the piece over the years, and shared this resource with university campus contacts, coalition partners, advocacy groups working with student voters, and online via emails, press releases, and Common Cause Wisconsin's website.  Common Cause Wisconsin also engaged in a variety of email and social media messaging on whether and how students could obtain a compliant student ID that could be used as a valid voter ID.

7

15.   This has been a multi-year effort for Common Cause Wisconsin, and it is ongoing. Beginning in early 2016, Common Cause Wisconsin rolled out an extensive research and outreach campaign directed at administrators and officials at every college, university and technical college in Wisconsin in order to: (a) gather information on the validity of each institution's standard student ID as a voter ID; (b) determine what alternatives are available to students for voting if the school's standard student ID is non-compliant, *i.e.* compliant IDs issued upon request; (c) provide education and resources about using student IDs as voter ID; and (d) provide information, guidance, and best practices on offering a compliant ID to those schools struggling to implement a voter ID-compliant student ID.  For each individual postsecondary institution, Ms. Miller did research online, made a series of phone calls, and/or wrote emails.  Common Cause Wisconsin compiled its research and used that to create, update, and disseminate a "one-stop" downloadable online resource with information on the use of a student ID as a voter ID at every Wisconsin college, university, and technical college in the state. All of these activities took staff time and money that could have been used for other core organizational mission activities.  All of these activities, which Common Cause Wisconsin is only engaged in because of the unconstitutional requirements challenged in this case, are ongoing, as schools change processes and/or update their websites or the information they share with students.  Ms. Miller continues to communicate with campus administrators and advocate for changes to student IDs that would make it easier for students to vote and updates the organization's information on how to obtain a compliant student ID card.  These efforts, which divert staff time, resources, and money, effect an ongoing injury to Common Cause Wisconsin.

16.   Plaintiff Benjamin R. Quintero is a sophomore at Milwaukee School of Engineering ("MSOE").  He is a United States citizen, 20 years old, and a resident of Milwaukee, Wisconsin.

He has never been disenfranchised by reason of a felony conviction or court order.  Benjamin wants to vote in Wisconsin but cannot because he does not have any of the types of photo ID that satisfy the Wisconsin voter ID requirement.  He only has the regular MSOE student ID card that lacks an issuance date, expiration date, and signature.

17.     Defendants Mark Thomsen, Ann Jacobs, Beverly Gill, Julie Glancey, Jodi Jensen, and Dean Knudson are sued in their official capacities as the members of the Wisconsin Elections Commission.

18.     Defendant Meagan Wolfe is sued in her official capacity as the Interim Administrator of the Wisconsin Elections Commission.

## FACTUAL ALLEGATIONS

### A. Wisconsin's Voter ID Requirement and Its Requirements for College and University Student Photo ID Cards

19.     In 2011, the Wisconsin Legislature enacted Act 23, which created a strict photographic voter identification requirement for all voters, regardless of whether they vote in person on or before Election Day or by mail.  WIS. STAT. §§ 6.79(2)(a), 6.86(1)(ar), 6.87(1).  While in-person voters must show their voter ID to the poll worker, a mail-in absentee voter must "enclose a copy of his or her proof of identification or any authorized substitute document with his or her [absentee ballot] application."  WIS. STAT. § 6.87(1).

20.     Wisconsin accepts the following forms of photo ID as valid voter ID:

(a) One of the following documents that is unexpired or if expired has expired after the date of the most recent general election: 1. An operator's license issued under ch. 343. 2. An identification card issued under s. 343.50. 3. An identification card issued by a U.S. uniformed service. 4. A U.S. passport.
(b) A certificate of U.S. naturalization that was issued not earlier than 2 years before the date of an election at which it is presented.
(c) An unexpired driving receipt under s. 343.11.
(d) An unexpired identification card receipt issued under s. 343.50.
(e) An identification card issued by a federally recognized Indian tribe in this state.

(f) An unexpired identification card issued by a university or college in this state that is accredited, as defined in s. 39.30(1)(d), that contains the date of issuance and signature of the individual to whom it is issued and that contains an expiration date indicating that the card expires no later than 2 years after the date of issuance if the individual establishes that he or she is enrolled as a student at the university or college on the date that the card is presented.

(g) An unexpired veterans identification card issued by the veterans health administration of the federal department of veterans affairs.

WIS. STAT. § 5.02(6m).  As can be seen from the above statute, college and university IDs must contain the student voter's name, photo, issuance date, an expiration date not more than two years after the issuance date, and the student's signature.  WIS. STAT. § 5.02(6m)(f).  Students using their college or university photo ID card to vote must also present separate proof of current enrollment.  *Id*.  This proof of current enrollment can be "an enrollment verification letter, class schedule, or tuition fee receipt."[5]   In 2014, the Wisconsin Elections Commission's predecessor, the Government Accountability Board, issued guidance that defined proof of current enrolment as "an enrollment verification form, class schedule, tuition receipt, or any other document which establishes that the student is enrolled . . ."[6]  This explicitly non-exhaustive list is consistent with the current guidance to voters on the state's MyVote Wisconsin webpage, which is published and maintained by Defendants: "The university or college ID must be accompanied by a separate document that proves enrollment, *such as* a tuition fee receipt, enrollment verification letter, or

---

[5] G.A.B. Releases Top Things Voters Need to Know about Photo ID (Feb. 1, 2016), *available at* https://elections.wi.gov/node/3862 (last visited Apr. 7, 2019).
[6] G.A.B. Memorandum, Voter Photo ID Reminders for 2014 General Election Voter Photo ID Guidance 2014-3 (Sept. 25, 2014), at 3, *available at* https://elections.wi.gov/sites/default/files/memo/20/photo_id_guidance_2014_3_reminders_9_25 _14_pdf_17534.pdf (last visited Apr. 7, 2019).

class schedule." (Emphasis added).[7]  This separate proof of current enrollment can be shown or submitted as a physical document or electronically displayed on a smart phone, tablet, or laptop.[8]

21.     Wisconsin driver's license and state ID cards issued by the Wisconsin Department of Transportation, specifically the Wisconsin Department of Motor Vehicles, military identification cards, and U.S. passports must be unexpired or have expired after the date of the most recent general election.  On information and belief, certain forms of military ID bear the code "INDEF" for indefinite duration.  Tribal government-issued IDs may be expired or unexpired but, in any event, frequently do not contain issuance and expiration dates because, like certain forms of military ID, they never expire.  A naturalization certificate must be issued not more than two years before the election in which it is presented as voter ID.  The remaining forms of valid voter ID must be unexpired; however, in *One Wisconsin Institute v. Thomsen*, 198 F. Supp. 3d 896, 961–62 (W.D. Wis. 2016), still pending on appeal to the U.S. Court of Appeals for the Seventh Circuit and with no decision over two years after oral argument, this Court ordered Defendants to accept expired college and university IDs.  *See infra* at Part B.

22.     Many of the regular campus photo IDs issued by Wisconsin colleges and universities lack an issuance date, an expiration date, and a digitally-printed signature or even a strip for the student to sign.

23.     On information and belief, only the following University of Wisconsin ("UW") four-year institutions are issuing voter ID law-compliant student IDs to all incoming students upon

---

[7] MyVote Wisconsin, *available at* https://myvote.wi.gov/en-us/PhotoIDRequired (last visited Apr. 7, 2019); Wisconsin Elections Commission, Election Day Manual for Wisconsin Election Officials ("Election Day Manual"), at 57, *available* at https://elections.wi.gov/sites/electionsuat.wi.gov/files/2019-01/Election%20Day%20Manual%20%282018-10%29.pdf (last visited Apr. 7, 2019).
[8] MyVote Wisconsin, *available at* https://myvote.wi.gov/en-us/PhotoIDRequired (last visited Apr. 7, 2019).

enrollment: Eau Claire, Green Bay, Madison, Stout, and Superior.  On information and belief, the other four-year UW institutions only issue voter ID law-compliant IDs *upon request* at a designated site on campus; they do not issue voter ID law-compliant IDs to all incoming students. On information and belief, UW-Madison's current freshman class was issued voter ID law-compliant IDs upon enrollment this academic year, but no such compliant IDs were issued for sophomores, juniors, or seniors.  This has had an impact on student voters in prior elections. Following the November 2016 general election, the Dane County Clerk's office circulated a report entitled "Information Related to UW-Madison's Decision Not to Conform Student IDs to the legal requirements of Photo ID for Voting Purposes," which noted that over 24,000 people had voted in campus-based wards and UW-Madison had issued 7,352 voter IDs.[9]  Even if all 24,000-plus of those voters were students, 30 percent of those voters in campus-based wards needed to request a separate, voter ID law-compliant ID and for no rational purpose.  6,363 voter ID law-compliant student IDs were issued by UW-Madison in the days and weeks leading up to Election Day.  989 were issued on Election Day alone, demonstrating that nearly 1,000 students were scrambling to obtain compliant voter ID on the day of the election.[10]  It is probable that a similar scramble for compliant student voter IDs occurs at other campuses statewide.

24.     On information and belief, all two-year UW institutions, *i.e.* the UW branch campuses, issue all students student photo IDs, also known as "UCards," with the student's name, a photo, an issuance date, an expiration date two years after the issuance date, and a space for a signature on the reverse side.  If the student signs the reverse side, the ID can be used as voter ID.

---

[9] Ex. C, Dane County Clerk's Office, Information Related to UW-Madison's Decision Not to Conform Student IDs to the legal requirements of Photo ID for Voting Purposes, at 1-2.  There is a slight discrepancy in the numbers in the report, but page 2 reflects that 7,352 were issued on or before Election Day.
[10] *Id*. at 2.

The space for a signature is not identified as a space for a signature; there is no instruction to "SIGN HERE." Accordingly, many students at two-year UW institutions, as well as staff, do not know that students can put their signatures on the UCard's reverse side. Notwithstanding the fact that UCards are valid voter ID with a student's signature on the reverse side, the UW Branch Campuses' online voting guide confusingly suggests to students that they still need to obtain a "free Voter ID card" at a campus office: "Most UW branch campus students will still be able to use a Wisconsin driver's license or State of Wisconsin ID, which already meet voter ID requirements. Free Voter ID cards can be obtained by UW branch campus students at their campus Student Affairs/Solution Center office."[11]

25.     On information and belief, only the following private colleges are issuing voter ID law-compliant IDs to all incoming students upon enrollment: Beloit College, Edgewood College, Lakeland University, Milwaukee Institute of Art & Design, Mount Mary University, Northland College, Ripon College, Wisconsin Lutheran College, and Viterbo University. For the first time ever, Viterbo issued voter ID law-compliant campus photo IDs to all its freshmen in 2018 prior to the midterm elections. Most of the other private institutions issue compliant IDs upon request, but students frequently are not given adequate notice of the availability of this service. These schools include: Alverno College, Cardinal Stritch University, Carroll University, Carthage College, Concordia University, Lawrence University, Marquette University, Medical College of Wisconsin, Milwaukee School of Engineering, and St. Norbert College. On information and belief, Bellin College, Columbia College of Nursing, and Silver Lake College do not offer voter ID law-compliant IDs at all, even upon request.

---

[11] University of Wisconsin Branch Campuses Website, Student Resources, Voting Guide, *available at* https://www.uwc.edu/students/voting-guide (last visited Apr. 16, 2019).

26.     On information and belief, most, but not all, technical colleges are issuing voter ID law-compliant IDs to all students who enroll in the school: Blackhawk Technical College, Chippewa Valley Technical College, Fox Valley Technical College, Lakeshore Technical College, Milwaukee Area Technical College, Moraine Park Technical College, Nicolet Area Technical College, Northcentral Technical College, Northeast Wisconsin Technical College, Western Technical College, and Wisconsin Indianhead Technical College.  On information and belief, of the four remaining technical colleges that are not issuing voter ID law-compliant student IDs—Gateway Technical College, Madison College, Mid-State Technical College, and Waukesha County Technical College—only Madison College makes available a compliant student ID upon request.

## B. Prior Litigation Regarding the Student ID Issuance Date and Expiration Date Requirements

27.     In 2016, this Court decided *One Wisconsin Institute v. Thomsen*, 198 F. Supp. 3d 896 (W.D. Wis. 2016).  The plaintiffs in *One Wisconsin Institute* had brought a claim alleging that there was no rational basis to reject the use of expired forms of otherwise-valid IDs.  This Court noted that, as to college and university student ID cards, the state's requirement that the IDs be unexpired was irrational and unjustified because of the separate proof of current enrollment requirement:

> The three requirements in Wis. Stat. § 5.02(6m)(f) are redundant: (1) the ID card itself must be unexpired; (2) the card must have an expiration date that is no more than two years after its date of issuance; and (3) the voter must present proof of current enrollment.  If each of these requirements provided some additional level of protection against former students using their IDs to vote, then those requirements might be rational. But as it stands, defendants have not explained why any requirement beyond proof of current enrollment is necessary to protect against fraudulent voting with a college or university ID. . . .

> [T]he state's concern with ensuring that only current students vote with student IDs may be rational. But Wis. Stat. § 5.02(6m)(f) adequately addresses that concern by requiring a voter to present proof of enrollment with the student ID.

*Id*. at 961–62.  Finding the requirement that the college or university ID be unexpired redundant, unnecessary, and irrational, the Court enjoined that specific requirement:

> Adding the requirement that a voter's college or university ID be unexpired does not provide any additional protection against fraudulent voting. If anything, this measure prevents otherwise qualified voters from voting simply because they have not renewed their IDs since beginning school. Thus, even under an exceedingly deferential rational basis review, the state has failed to justify its disparate treatment of voters with expired IDs. The court concludes that requiring unexpired college or university IDs violates the Fourteenth Amendment.

*Id*. at 962.

28.     However, because the plaintiffs only sought an injunction permitting the use of expired IDs, not the elimination of the issuance date and expiration date requirements, this Court's ruling was limited to the requested relief.  This Court expressly stated that its order did not eliminate the requirement that student IDs bear issuance dates and expiration dates not more than two years after the issuance date:

> [College and university students] must still comply with the other requirements of Wis. Stat. § 5.02(6m)(f). Plaintiffs have not directed their rational basis challenge to the requirement that a voter with a college or university ID also present proof of enrollment at the issuing institution. Nor have plaintiffs challenged the rational basis for permitting only IDs that expire no more than two years after issuance. These requirements still apply. The only thing that will change is that the ID card that a college or university student actually presents at the polls can be expired.

*Id*.  In footnote 24, this Court suggested that the issuance date and expiration date requirements also serve no purpose but noted those requirements were beyond the scope of the plaintiffs' challenge: "Without the requirement that a voter present an unexpired college or university ID, it seems unnecessary to regulate the ID's expiration date. But that is outside the scope of plaintiffs' challenge, and so the court will leave it to the state to determine whether this provision is still necessary."  *Id*. at 961–62 & n.24.  Therefore, these hyper-technical, redundant and irrational statutory requirements for college and university IDs remain in place, and those features must still

appear on the student ID if presented as voter ID. This Court left it up to the state's discretion as to whether to enforce the issuance date and expiration date requirements and noted the ordered relief did not preclude the state from enforcing those technical requirements. This case is still pending before the U.S. Court of Appeals for the Seventh Circuit. Oral argument before the panel was held over two years ago on February 24, 2017.

29.     This lawsuit seeks and respectfully requests that this Court now take that further step and declare the student ID issuance date and expiration date requirements unconstitutional themselves and enjoin those requirements. Whatever the outcome in *One Wisconsin Institute*, the judgment in that case will not dispose of the different issue in this case.

### C.  In-Person and Mail-In Voting Procedures

> **i.   The objective of voter ID verification is identity verification, and it is redundant, unnecessary, and irrational to use issuance and expiration dates on student IDs as a proxy for confirming Wisconsin residency.**

30.     In order to cast a ballot, a voter must be registered to vote in Wisconsin. Residency at one's address for at least 10 days prior to an election is one of the eligibility criteria for voting in Wisconsin. WIS. STAT. § 6.02; *One Wisconsin Institute*, 198 F. Supp. 3d at 941–44 (enjoining statutory provision that increased durational residency requirement from 10 to 28 days). Voter registration applicants affirm on penalty of perjury that they satisfy this requirement.[12] Additionally, Wisconsin has the nation's only currently-enforced documentary proof of residence requirement for *all* registration applicants who are not overseas or in the military: "[U]pon completion of a registration form prescribed under s. 6.33, each eligible elector who is required to register under s. 6.27, who is not a military elector or an overseas elector, shall provide an

---

[12]     Wisconsin     Voter     Registration     Application,     *available     at* https://elections.wi.gov/sites/default/files/publication/154/el_131_voter_registration_application _pdf_23730.pdf (last visited Apr. 8, 2019).

identifying document that establishes proof of residence under sub. (3)." WIS. STAT. § 6.34(2).[13] According to Defendants' webpages and other election officials in Wisconsin, "[a]ll Proof of Residence documents must include the voter's name and current residential address."[14]  Therefore, the voter registration process, as implemented, doubly confirms that a person is a resident of the state and municipality.

31.     Wisconsin state law setting forth the in-person voting procedure provides that: "[E]ach eligible elector, before receiving a serial number, shall state his or her full name and address and present to the officials proof of identification." WIS. STAT. § 6.79(2)(a).  The same statute instructs election inspectors stationed at the polling places to verify only the name and photograph of the voter: "The officials shall verify that the name on the proof of identification presented by the elector conforms to the name on the poll list or separate list and shall verify that any photograph appearing on that document reasonably resembles the elector."  *Id*.  The current version of the Election Day Manual lists the specific steps a poll worker must take to verify a photo ID.[15]  First, poll workers must confirm that the college or university ID card bears a name, photo, issuance date, expiration date no later than two years after the issuance date, and the student's signature, and also confirm that the student has separate proof of current enrollment.[16]  Next, the poll worker must "verify that the name on the ID conforms to the name on the poll list"; "verify that any photograph on the proof of identification reasonably resembles the elector" (for in-person

---

[13] A list of acceptable forms of proof of residence is available on the Wisconsin Elections Commission's website MyVote Wisconsin's Proof of Residence page.  *See* https://myvote.wi.gov/en-us/ProofofResidence (last visited Apr. 15, 2019).
[14] *Id*.
[15] Election Day Manual, *supra* note 7, at 57–58.
[16] *Id*. at 57.

voters only); and "verify that the proof of identification is unexpired or, if expired, it meets the expiration specifications listed above."[17]

32.     Mail-in absentee voters must submit a copy of their photo ID with their absentee ballot application, unless they are permanent, mail-in absentee voters, have previously voted mail-in absentee with the same name and at the same residential address, or are military or overseas voters.  WIS. STAT. §§ 6.87(1), 6.87(4)(b)2–(b)3.  For mail-in absentee voters' IDs, the municipal clerk is only required to verify the name on the photo ID.  WIS. STAT. § 6.87(1).  There is of course no face to which the photo can be compared.  Otherwise, the instructions for verifying the voter IDs of in-person voters and mail-in absentee voters do not differ.

33.     Even with the injunction in *One Wisconsin Institute* requiring Defendants to accept expired college and university ID cards, 198 F. Supp. 3d at 961–62, Wisconsin election law still provides for and ensures Wisconsin residency and residential address verification through other, more effective means than requiring the ID to bear an issuance date and an expiration date.  Therefore, the issuance date and expiration date requirements do not serve an important regularly interest.

### ii.     By law, signatures on voter IDs, if any are even present, are not used for any signature comparison.

34.     For in-person voters or mail-in absentee voters, there is no mandate in the Wisconsin Election Code to compare any signature on the voter ID, if any exists, to any other signature.  WIS. STAT. § 6.79(2)(a); WIS. STAT. § 6.87(1).  The Election Day Manual makes no mention of signature verification and omits signatures from a list of the voter ID's "relevant information (name, photo, expiration date)."[18]  Additionally, since the voter ID law was enacted

---

[17] *Id*. at 58.
[18] *Id*.

in 2011, consistent with Wisconsin law, the Wisconsin Elections Commission ("WEC"), as well as its predecessor the Government Accountability Board, have never issued instructions requiring the comparison of a signature on the voter ID, if any exists, with the voter's signature on the poll book or voter registration record.[19]  It is not for election officials and Election Day poll workers to determine the authenticity of a signature.  This makes sense given a number of forms of valid voter ID, such as Veterans Health Identification Cards ("VHICs") issued by the U.S. Department of Veteran Affairs and some ID cards issued by tribal governments, do not even contain signatures.

35.     During in-person voting, after the voter ID is verified, poll workers require the voter to sign the poll book:

> The officials shall then require the elector to enter his or her signature on the poll list, supplemental list, or separate list maintained under par. (c) unless the elector is exempt from the signature requirement under s. 6.36(2)(a). The officials shall verify that the name and address stated by the elector conform to the elector's name and address on the poll list.

WIS. STAT. § 6.79(2)(a).  As can be seen from this statute and the Election Day Manual, poll workers are required to verify that the voter's stated name and address match the name and address listed in the poll book but are not instructed to engage in any signature comparison of any kind.[20] The voter's signature on an absentee ballot request form stands in lieu of signing the poll book.[21]

36.     Wisconsin has recently allowed municipal clerks to use electronic poll books instead of paper poll books.  In its Wisconsin E-Poll Book Show and Tell training module, the Wisconsin Elections Commission informs municipal clerks and their staff that the check-in process

---

[19] *Id*.

[20] *Id*.

[21] Wisconsin Elections Commission, Form EL-121, Wisconsin Application for Absentee Ballot, *available at* https://elections.wi.gov/sites/electionsuat.wi.gov/files/2019-03/EL-121%20Application%20for%20Absentee%20Ballot%20%282018-10%29-Fillable.pdf (last visited Apr. 16, 2019).

also requires voter signatures.[22]  First, a screen comes up for voter ID verification, and, in keeping with Wisconsin law, there is no mention of signature comparison or the possibility of denying a ballot to a voter due to a perceived signature non-match.  Next, the electronic poll book must accept the voter's signature.  The voter signs the screen on a tablet or a signature pad with a stylus or finger to create a digitized signature that appears on screen.  Notably, the voter's signature from his or her registration application form does not appear on screen.  Instead, the e-pollbook signature is digitally stored for future comparison to the voter registration form signature, should that become necessary in any Wisconsin Elections Commission or law enforcement investigation.  Nothing instructs the poll worker to compare the digitally-created signature to the voter ID signature, if any even exists.  On information and belief, the older Wisconsin Government Accountability Board report on e-pollbooks from 2014 set forth much the same procedure:

> Once the voter is verified as being registered, the voter is directed to sign the poll book. Using an electronic poll book, the voter can sign using a digital signature pad similar to using a credit card at a store or they can sign directly on the screen of the device. The signature can be digitally captured and printed on a hardcopy receipt or label. Alternatively, a receipt or label can be generated with a line for the voter to sign in order to capture a "wet" signature.[23]

Accordingly, the requirement that a college or university ID card bear the student's signature does not serve an important regulatory interest.

### CLAIMS FOR RELIEF

### COUNT ONE
**(College or University ID Issuance Date and Expiration Date Requirements Violate First and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983) (All Plaintiffs)**

---

[22] Wisconsin Elections Commission, Wisconsin E-Poll Book Show and Tell Training Module, *available at* http://elections.wi.gov/publications/video/WI_EPollBook_Show_and_Tell (October 27, 2017), at 7:11–12:44 (last visited Apr. 3, 2019).

[23] Public access to the following link is now denied: http://elections.wi.gov/clerks/misc/electronic-poll-books.  Plaintiffs plan to request this document in discovery.

37.     The factual allegations contained in the preceding paragraphs are incorporated into Count One, as though fully set forth herein.

38.     Under the First and Fourteenth Amendments to the U.S. Constitution, any burden on the right to vote must be balanced against a state's interest in that requirement.  The Supreme Court has set forth the following test:

> [T]he rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights. Thus, as we have recognized when those rights are subjected to "severe" restrictions, the regulation must be "narrowly drawn to advance a state interest of compelling importance." *Norman v. Reed*, 502 U.S. 279, 289, 112 S.Ct. 698, 705, 116 L.Ed.2d 711 (1992). But when a state election law provision imposes only "reasonable, nondiscriminatory restrictions" upon the First and Fourteenth Amendment rights of voters, "the State's important regulatory interests are generally sufficient to justify" the restrictions. *Anderson*, 460 U.S., at 788, 103 S.Ct., at 1569–1570; *see also id*., at 788–789, n. 9, 103 S.Ct., at 1569–1570, n. 9.

*Burdick v. Takushi*, 504 U.S. 428, 434 (1992).

39.     Wisconsin state law requires that college and university student ID cards must bear an issuance date and an expiration date not more than two years after the issuance date in order to be used as voter ID.  It also requires that a student present documentary proof of residency upon registering to vote and proof of current enrollment such as an enrollment verification letter, tuition fee receipt, or class schedule in conjunction with their student ID.  These latter requirements render the issuance and expiration date requirements redundant, unnecessary, and irrational.  *See One Wisconsin Institute*, 198 F. Supp. 3d at 962 ("[T]he state's concern with ensuring that only current students vote with student IDs may be rational. But WIS. STAT. § 5.02(6m)(f) adequately addresses that concern by requiring a voter to present proof of enrollment with the student ID.").

40.     The constitutional rights of students who have no other form of valid voter ID are violated by these requirements.  These redundant, unnecessary, and irrational requirements cannot be justified by any legitimate and important regulatory interest or any rational basis.

41.     Since these issuance date and expiration date requirements are not justified by any legitimate and important regulatory interest, they violate the First and Fourteenth Amendments to the U.S. Constitution.

42.     But for the redundant, unnecessary, and irrational issuance date and expiration date requirements, Plaintiffs Common Cause and Common Cause Wisconsin would not need to educate new college and university students on how to obtain a voter ID that contains these required elements from their schools.  While these requirements are in force, Plaintiff Benjamin R. Quintero cannot use his student photo ID card to vote.

43.     At all relevant times, Defendants have acted under color of state law.

44.     Defendants, acting under color of state law, have violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

## COUNT TWO
### (College or University ID Signature Requirement Violates First and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983) (All Plaintiffs)

45.     The factual allegations contained in the preceding paragraphs are incorporated into Count Two, as though fully set forth herein.

46.     Under the First and Fourteenth Amendments to the U.S. Constitution, any burden on the right to vote must be balanced against a state's interest in that requirement.  The Supreme Court has set forth the following test:

> [T]he rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights. Thus, as we have recognized when those rights are subjected to "severe" restrictions, the regulation must be "narrowly drawn to advance a state interest of compelling importance." *Norman v. Reed*, 502 U.S. 279, 289, 112 S.Ct. 698, 705, 116 L.Ed.2d 711 (1992). But when a state election law provision imposes only "reasonable, nondiscriminatory restrictions" upon the First and Fourteenth Amendment rights of voters, "the State's important regulatory interests are generally sufficient to justify" the restrictions. *Anderson*, 460 U.S., at 788, 103 S.Ct., at 1569–1570; *see also id*., at 788–789, n. 9, 103 S.Ct., at 1569–1570, n. 9.

*Burdick v. Takushi*, 504 U.S. 428, 434 (1992).

47.     Wisconsin state law requires that college and university student ID cards must bear the student's signature in order to be used as voter ID.

48.     The constitutional rights of student voters who have no other form of valid voter ID are violated by the Wisconsin voter ID law.  This unnecessary and irrational signature requirement cannot be justified by any important, legitimate regulatory interest or any rational basis.

49.     Since the student ID signature requirement is not justified by any legitimate, important regulatory interest, these state actions violate the First and Fourteenth Amendments to the U.S. Constitution.

50.     But for the unnecessary and irrational signature requirement, Plaintiffs Common Cause and Common Cause Wisconsin would not need to educate new college and university students on how to obtain a voter ID with a signature from their schools.  While this requirement is in force, Plaintiff Benjamin R. Quintero cannot use his student photo ID card to vote.

51.     At all relevant times, Defendants have acted under color of state law.

52.     Defendants, acting under color of state law, have violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court enter an order granting Plaintiffs the following relief:

(a) A declaratory judgement that WIS. STAT. §§ 5.02(6m), 6.79(2)(a), 6.86(1)(ar), and 6.87(1) violate the First and Fourteenth Amendments of the United States Constitution, to the extent they impose unnecessary and irrational issuance date, expiration date, and signature

requirements on Wisconsin voters who use their college and university student ID cards as voter identification;

(b) A permanent injunction preventing the enforcement of the issuance date, expiration date, and signature requirements in WIS. STAT. §§ 5.02(6m), 6.79(2)(a), 6.86(1)(ar), and 6.87(1);

(c) An order awarding Plaintiffs their costs, expenses, disbursements, and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. §1988; and

(d) Such other or further relief as this Court deems just and proper.

**DATED:** April 23, 2019

Respectfully submitted,

*/s/ Lester Pines*

Lester A. Pines
Wisconsin Bar No. 1016543
Diane M. Welsh
Wisconsin Bar No. 1030940
Pines Bach LLP
122 West Washington Avenue, Suite 900
Madison, WI 53703-2718
lpines@pinesbach.com
dwelsh@pinesbach.com
Phone: 608-251-0101

Jon Sherman*
D.C. Bar No. 998271
Michelle Kanter Cohen*
D.C. Bar No. 989164
Massachusetts Bar No. 672792 (inactive)
Fair Elections Center
1825 K St. NW, Suite 450
Washington, DC 20006
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
Phone: (202) 331-0114

*Application Will Be Filed to be Admitted Pro Hac Vice to Practice in the United States District Court for the Western District of Wisconsin*