IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

COMMON CAUSE, COMMON CAUSE
WISCONSIN, BENJAMIN R.
QUINTERO,

      Plaintiffs,

v.                                           Case No. 19-CV-323

MARK L. THOMSEN, *et al.*,

      Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### INTRODUCTION

The Seventh Circuit recently decided *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020), which upheld in part, and reversed in part, two district court decisions that broadly addressed aspects of Wisconsin's voter ID laws. *Luft* included discussion of a topic that relates to this case—concerning certain student ID requirements—and resolved significant aspects of what can be required of those IDs.

Defendants' now file this motion to resolve a narrow and purely legal controversy about how *Luft* applies to one aspect of Plaintiffs' case in Count I of their complaint: whether under the appropriate constitutional analysis,

when a student shows up at the polls with proof of enrollment, that student's ID must also contain an issuance date and expiration date. Because those are requirements under Wisconsin law that are common to IDs, and because *Luft*'s analysis shows that these kinds of requirements remain valid regardless whether a student arrives with proof of enrollment, this Court should dismiss Count I of Plaintiffs' complaint.

Defendants' make this motion now—and respectfully request an expedited ruling because Wisconsin's August 11 primary election is rapidly approaching, and it is important that this narrow controversy be addressed as soon as possible so that election officials may administer the elections with clear guidance from the courts on *Luft*'s effect.

## BACKGROUND

### I. Wisconsin law requires a date of issuance and date of expiration for student IDs.

Under Wisconsin law, voters must present a photo ID, regardless of whether they are voting in person or by mail. Wis. Stat. §§ 6.79(2)(a), 6.86(1)(ar), 6.87(1). Acceptable forms of photo ID for voting include Wisconsin driver's licenses, Wisconsin state ID cards, U.S. uniformed service identification cards, U.S. passports, certificates of U.S. naturalization, Wisconsin driver's license receipts, Wisconsin state ID card receipts, tribal membership cards, student IDs, and veteran's identification cards.

For a student ID to be valid for voting, Wisconsin law requires the following:

> An unexpired identification card issued by a university or college in this state that is accredited, as defined in s. 39.30 (1) (d), or by a technical college in this state that is a member of and governed by the technical college system under ch. 38, that contains the date of issuance and signature of the individual to whom it is issued and that contains an expiration date indicating that the card expires no later than 2 years after the date of issuance if the individual establishes that he or she is enrolled as a student at the university or college on the date that the card is presented.

Wis. Stat. § 5.02(6m)(f).

### II. *One Wisconsin* and *Luft* provide a framework for Plaintiffs' challenges to the student ID requirements.

In *One Wisconsin*, the court addressed a challenge to Wis. Stat. § 5.02(6m)(f)'s requirement that student IDs be unexpired. The court concluded that this statute does not discriminate on the basis of age. *One Wisconsin Inst., Inc. v. Thomsen*, 198 F. Supp. 3d 896, 927 (W.D. Wis. 2016) ("[W]ere these restrictions so baseless as to suggest purposeful discrimination against young voters? The court concludes that the answer is 'no.'"). However, the Court concluded that the requirement that student IDs be unexpired violates the Fourteenth Amendment. In reaching that conclusion, the court explained the state's interest in "ensuring that only current students vote" is adequately addressed by requiring student to present proof of enrollment with the student ID. *Id.* at 962. In went on to note that "[a]dding the requirement that a voter's college or university ID be unexpired does not provide any

3

additional protection against fraudulent voting." *Id.* Given this redundancy, the court held that "the state has failed to justify its disparate treatment of [student] voters with expired IDs," which violates the Equal Protection Clause of the Fourteenth Amendment. *Id.*

In reaching that conclusion, the *One Wisconsin* court noted that the plaintiffs did not bring any claims challenging the statute's other requirements. The court thus explained that "[t]he only thing that will change is that the ID card that a college or university student actually presents at the polls can be expired." *Id.* at 962. The court stated:

> To be clear, the court is not concluding that voters have carte blanche to use expired college or university IDs at the polls; they must still comply with the other requirements of Wis. Stat. § 5.02(6m)(f). Plaintiffs have not directed their rational basis challenge to the requirement that a voter with a college or university ID also present proof of enrollment at the issuing institution. Nor have plaintiffs challenged the rational basis for permitting only IDs that expire no more than two years after issuance. These requirements still apply. The only thing that will change is that the ID card that a college or university student actually presents at the polls can be expired.

*Id.* at 962. That decision was subsequently appealed,[1] and this case was stayed pending resolution of the appeal. (*See* Text Only Order, July 19, 2019.)

The appeals in *One Wisconsin* were decided on June 29, 2020, in *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020). In *Luft*, the Seventh Circuit found "hard to accept" the district court's conclusion that permitting unexpired student IDs

---

[1] The *One Wisconsin* appeal involved two consolidated appeals, Case Nos. 16-3083 and 16-3091 (7th Cir.).

4

for voting, but not expired student IDs, "violates the Equal Protection Clause." *Luft*, 963 F.3d at 677.

Rather, *Luft* explains that there is "nothing wrong with a requirement that IDs be current." *Id.* The problem was that Wisconsin law also required a redundancy that was not required of any other form of ID: "A student ID card, alone among the sorts of photo ID that Wisconsin accepts, is not sufficient for voting unless the student also shows proof of current enrollment." *Id.* The restriction failed constitutional scrutiny because "[t]he statute sets students apart in this respect, and the state has not tried to justify this distinction." *Id.*

However, the court did not forbid redundancies. To the contrary, *Luft* rejected the district court's conclusion that "redundant requirements" in the student ID requirements, "such as current ID + proof of enrollment[,] are invariably irrational." *Id.* Rather, "[m]any a lawyer prefers a belt-and-suspenders approach." The problem was that, in addition, the statute treats "students . . . differently from other potential voters." *Id.* The Seventh Circuit subsequently issued a clarification order, explaining:

> Our opinion holds that the state may not require student IDs to be unexpired, when the student provides some other document demonstrating current enrollment. The point of our decision is that requiring *two documents* from students, *but not other voters*, needs justification, which has not been supplied. But a student who appears at the polls with an expired student ID card, and without proof of current enrollment, need not be allowed to vote.

5

(*Luft*, 7th Cir. No. 16-3003, Dkt. 102, July 22, 2020 (emphasis added).) The opinion and clarification in *Luft* mean that a student ID conforming to the statutory requirements must be accepted without "also show[ing] proof of current enrollment," *see Luft* at 677, and that an expired student ID may be used for voting if accompanied by proof of current enrollment. (*See Luft*, 7th Cir. No. 16-3003, Dkt. 102, July 22, 2020.)

### III. Plaintiffs' challenges to the student ID requirements.

In this case, Plaintiffs are challenging the constitutionality of the provisions in Wis. Stat. § 5.02(6m)(f) that prohibit the use of a student ID for voting unless the ID displays an issuance date, an expiration date, and a signature. Relevant to the present motion, in Count I of their Complaint, Plaintiffs allege that the issuance and expiration date requirements are impermissible because the statute requires redundant proof of enrollment:

> Wisconsin state law requires that college and university student ID cards must bear an issuance date and an expiration date not more than two years after the issuance date in order to be used as voter ID. It also requires that a student present documentary proof of residency upon registering to vote and proof of current enrollment such as an enrollment verification letter, tuition fee receipt, or class schedule in conjunction with their student ID. *These latter requirements render the issuance and expiration date requirements redundant, unnecessary, and irrational.*

(Dkt. 1 ¶ 39 (emphasis added).) They cite the decision in *One Wisconsin* as support for this claim. (*See* Dkt. 1 ¶ 39.) For relief on this claim, and to the extent Wisconsin law imposes an "unnecessary and irrational issuance date

6

[and] expiration date," Plaintiffs seek declaratory and injunctive relief that these requirements are unenforceable.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for a judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is proper if it appears beyond doubt that the plaintiffs cannot prove any facts that would support their claim for relief. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In ruling on a motion for judgment on the pleadings, the court must accept all well-pled allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.* However, the court need not accept as true any legal assertions. *Lodholtz v. York Risk Servs. Group*, 778 F.3d 635, 639 (7th Cir. 2015).

## ARGUMENT

*Luft* conclusively settled major aspects of what is permissible, and what is not, under Wisconsin's student ID provision. Defendants believe that its discussion of the constitutional issue, as applied to expiration dates on student IDs, leaves nothing more to develop regarding Count 1 of Plaintiffs' complaint challenging issuance and expiration date requirements. *Luft*'s holding as

7

applied to that claim is a pure legal question that can, and should, be addressed now. This Court should rule that, under *Luft*, those date requirements remain in force, regardless whether a student also brings proof of enrollment to the polls.

## I. The constitutional analysis under *Luft*.

In *Luft*, the court rejected the premise that redundant requirements in voter identification statutes are impermissible under the *Anderson-Burdick* analysis. *Luft*, 963 F.3d at 676–77. Instead, it explained that the constitutional question turned on rational-basis equal protection principles. The court explained that what matters is whether both (1) "students [were] treated differently from other potential voters." and (2) the state "lack[ed] a rational basis" for doing so. *Id.* at 677. Thus, under *Luft,* student IDs cannot be irrationally required to contain something not required of other IDs. But having a "belt-and-suspenders approach" to ensure the student IDs are reliable for voter identification purposes does not violate the constitution. *See id.*

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (*quoting* U.S. Const. amend. XIV.). Rational basis review requires a plaintiff to prove that: (1) the defendants

8

intentionally treated the plaintiff differently from others similarly situated; (2) the difference in treatment was caused by the plaintiff's membership in the class to which it belongs; and (3) the different treatment was not rationally related to a legitimate state interest. *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009) (*citing Smith v. City of Chicago*, 457 F.3d 643, 650–51 (7th Cir. 2006)). As the court in *Luft* recognized, "[t]he rational-basis standard is not demanding." *Luft*, 963 F.3d at 677.

"[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *Heller v. Doe*, 509 U.S. 312, 319 (1993). Defendants need not produce evidence to support the rationality of the state's decision, nor are they limited to the justifications that the Legislature had in mind at the time that it passed the challenged provisions—any rational justification for the laws will overcome an equal protection challenge. *Id.* at 320–21.

## II. Judgment on Count I challenging the issuance and expiration date requirements for student IDs is appropriate under *Luft* because these requirements do not violate equal protection principles by treating students differently.

Plaintiffs will likely argue that the dates of issuance and expiration on a student ID are inconsequential and unenforceable under *Luft*, as long as a student presents proof of current enrollment. But that argument fails as a matter of law. Under *Luft*, the State is permitted to require "belt-and-

9

suspenders" requirements for IDs so long as students are not being singled out. They are not singled out here.

The issuance and expiration date requirements found in Wis. Stat. § 5.02(6m)(f) are distinct requirements under state law, in addition to the non-expired ID requirement addressed by *Luft*. *Luft* held that students could not be singled out to produce the *same information* twice: they cannot be forced to show both an unexpired ID and, in addition, proof of current enrollment.

But having an issuance and expiration date is a not the same thing as an ID being unexpired; rather those pieces of information go to how recently the ID was issued, not whether it is unexpired. Under *Luft*, there is nothing impermissible about requiring issuance and expiration dates.

Key under *Luft* is that the requirements for dates of issuance and expiration impose nothing unique on students. Except for tribal membership cards, all other acceptable forms of voter ID must contain an expiration date. *See* Wis. Stat. § 5.02(6m). Wisconsin driver's licenses, Wisconsin state ID cards, U.S. uniformed service identification cards, U.S. passports, certificates of U.S. naturalization, Wisconsin driver's license receipts, Wisconsin state ID card receipts, and veteran's identification cards all contain an expiration date. In addition, all acceptable forms of IDs except for the military IDs contain a date

10

of issuance.[2] This is a rational requirement to help ensure that the document is current. Thus, students are not singled out by having to present voter ID that contains dates of issuance and expiration.

These requirements do not treat students differently from others similarly situated, and they serve a legitimate purpose, which is all that rational basis and *Luft* require. Issuance and expiration dates are required on almost all of the other voter-compliant IDs. Additionally, issuance and expiration dates are necessary for another element of Wis. Stat. § 5.02(6m)(f), which is that the ID have a term of no more than two years. That two-year requirement is rationally related to ensuring that the information on the ID is current. Including an issuance date also gives clerks a point of reference for the age of the photo on the ID.

In light of *Luft*, judgment on the pleadings is proper on the issue of whether Wis. Stat. § 5.02(6m)(f)'s requirements that a student ID contain dates of issuance and expiration survive constitutional scrutiny. Claim I should be dismissed because it satisfied neither prong of the applicable test—it neither singles students out nor is it irrational.

---

[2] Identification cards issued by a U.S. uniformed service and veterans identification cards do not appear to contain a date of issuance. *See Acceptable Photo IDs for Voting in Wisconsin*, Wisconsin Elections Commission, https://elections.wi.gov/sites/elections.wi.gov/files/2020-07/7%20Acceptable%20Photo%20ID%26%23039%3Bs%20Pictures-2020%20july%20update.pdf.

## CONCLUSION

Defendants request that this Court grant partial judgment on the pleadings. The Court should dismiss Count I of Plaintiffs' complaint challenging the requirement that student IDs contain an issuance and expiration date. Defendants request an expedited ruling on this motion in light of the upcoming elections.

Dated this 3rd day of August, 2020.

        Respectfully submitted,

        ERIC J. WILSON
        Deputy Attorney General of Wisconsin

        Electronically signed by:

        <u>s/ S. Michael Murphy</u>
        S. MICHAEL MURPHY
        Assistant Attorney General
        State Bar #1078149

        GABE JOHNSON-KARP
        Assistant Attorney General
        State Bar #1084731

        JODY J. SCHMELZER
        Assistant Attorney General
        State Bar #1027796

        Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-5457 (Murphy)
(608) 267-8904 (Johnson-Karp)
(608) 266-3094 (Schmelzer)
(608) 267-2223 (Fax)
murphysm@doj.state.wi.us
johnsonkarpg@doj.state.wi.us
schmelzerjj@doj.state.wi.us