IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COMMON CAUSE, COMMON CAUSE
WISCONSIN, and BENJAMIN R. QUINTERO,

                    Plaintiffs,

    v.

MARK L. THOMSEN, ANN S. JACOBS,
BEVERLY R. GILL, JULIE M. GLANCEY,
DEAN KNUDSON, MARGE BOSTELMANN,
ROBERT F. SPINDELL, JR., *in their
official capacities as Commissioners of the
Wisconsin Elections Commission*, and
MEAGAN WOLFE, *in her official capacity
as the Administrator of the
Wisconsin Elections Commission*,

                    Defendants.

OPINION and ORDER

19-cv-323-jdp

---

       Plaintiffs Common Cause, Common Cause Wisconsin, and Benjamin Quintero challenge state-law restrictions on the use of college student IDs for voting. Under Wisconsin law, college IDs can be used for voting only if they display: (1) an issuance date, (2) an expiration date, (3) an expiration date not more than two years after the issuance date, and (4) a signature. Wis. Stat. § 5.02(6m)(f). Plaintiffs seek a permanent injunction that would, in essence, allow any Wisconsin college photo ID to be accepted at the polls. Both sides move for summary judgment. Dkt. 45 and Dkt. 47.

       The matter of student IDs was also addressed in *One Wisconsin Inst., Inc. v. Thomsen*, 198 F. Supp. 3d 896 (W.D. Wis. 2016). For that reason, this case was stayed while *One Wisconsin* was on appeal. Once the court of appeals issued *Luft v. Evers*, 963 F.3d 665 (7th Cir. 2020), I set this case, and the consolidated remand of *One Wisconsin* and *Luft,* for expedited

consideration so I could consider whether to grant relief before the November 3, 2020, general election.

In *One Wisconsin* I held that the state-law student ID provision was unconstitutional. That decision was upheld on appeal, though on somewhat different reasoning. Under *Luft*, a student with an unexpired state-law compliant student ID is eligible to vote, even without separate proof of current enrollment. And a student with an expired but otherwise compliant ID is eligible to vote if the student also presents proof of current enrollment. I decline to order any further relief from Wis. Stat. § 5.02(6m)(f) before the general election. The court will cancel tomorrow's oral argument and stay a decision on the parties' motions until after the election.

"The Supreme Court has instructed that federal courts should refrain from changing state election rules as an election approaches." *Libertarian Party of Illinois v. Cadigan*, No. 20-1961, — Fed. Appx. —, 2020 WL 5104251, at *4 (7th Cir. Aug. 20, 2020) (citing *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, ⸺ U.S. ⸺, 140 S. Ct. 1205, 1207 (2020), and *Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006)). Granting further relief now would conflict with the so-called *Purcell* principle.

The parties completed briefing on their summary judgment motions on September 22, 2020, only six weeks before the presidential election, well within the sensitive time frame. *See Veasey v. Perry*, 769 F.3d 890, 895 (5th Cir. 2014) (compiling cases in which the Supreme Court stayed injunctions on voting requirements that were issued fifty-two, forty, and thirty-three days before the election, and observing "[w]hile the Supreme Court has not explained its reasons for issuing these stays, the common thread is clearly that the decision of the Court of Appeals would change the rules of the election too soon before the election date"). Voting is

already underway in Wisconsin. And the Commission has already issued its Election Day Manual for municipal clerks, explaining the requirements for voting with a student ID as they stand after *Luft*.[1]

If the court were to issue an order changing the status quo now, it would leave the Commission and municipal clerks with little time to issue new guidance and retrain staff. The nearly inevitable appeal would mean weeks of uncertainty as the case was reviewed by the court of appeals and possibly the Supreme Court. Any order from this court in favor of the plaintiffs could lull student voters into complacency, believing that they now held an ID valid for voting, only to find out on the eve of the election that an appellate court had reached a different conclusion. This would leave both students and universities scrambling at the last minute to obtain compliant IDs. That is exactly the chaos and confusion that the *Purcell* principle is meant to avoid.

Plaintiffs contend that the *Purcell* principle doesn't apply "when voters rights would be vindicated" by a change in the law. Dkt. 50, at 31. But plaintiffs cite no authority for that view, and it is inconsistent with *Republican Nat'l Comm.*, 140 S. Ct. at 1207, which relied on the *Purcell* principle to reverse a decision extending the deadline for mailing absentee ballots. The important question under *Purcell* isn't whether a decision would favor plaintiffs or defendants; it is whether a decision could lead to confusion before an election. I conclude that *Purcell* counsels in favor of staying the decision on the merits of plaintiffs' case.

*Purcell* is not the only consideration. Before granting injunctive relief, the court must consider the balance of harms. *See Diginet, Inc. v. W. Union ATS, Inc.*, 958 F.2d 1388, 1394

---

[1] https://elections.wi.gov/sites/elections.wi.gov/files/2020-09/Election%20Day%20Manual%20%282020-09%29_0.pdf.

(7th Cir. 1992). All of the two and four-year colleges in the University of Wisconsin system offer students an ID that complies with Wis. Stat. § 5.02(6m)(f). Dkt. 43, ¶¶ 57–58. Plaintiffs have identified only six private colleges and universities and two technical and community colleges that don't offer a compliant ID. *Id.*, ¶¶ 59–60. Of the relatively small number of students going to institutions that don't offer a compliant ID, plaintiffs haven't identified any student who will be unable to obtain a compliant ID before the November 3 election. Plaintiffs acknowledge that the Milwaukee School of Engineering, where plaintiff Quintero is a student, offers a compliant ID upon request. *Id.*, ¶ 75. Even though that process can take up to 48 hours, *id.*, Quintero has ample time to get an ID that will allow him to vote. Students at colleges that do not offer compliant IDs have time to get voting IDs through the avenues available to voters generally. *Purcell* would not inhibit my granting immediate relief if qualified student voters would actually be disenfranchised, but plaintiffs haven't made that showing.

Under the circumstances, the balance of harms and the public interest favors delaying a decision on the merits of this case until after the election.

ORDER

IT IS ORDERED that a decision on the parties' motions for summary judgment is STAYED until after the November 3, 2020 presidential election. The oral argument scheduled for September 24, 2020, is CANCELED.

Entered September 23, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge